IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| KENDRA TYREE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 18-1292-JWB-GEB |
|  | ) |  |
| JERRY W. WILLIAMS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

This matter is before the Court on Plaintiff Kendra Tyree's Motion to Proceed without Prepayment of Fes (ECF No. 3) and her Motion to Appoint Counsel (ECF No. 4). For the reasons set forth below, Plaintiff's Motion to proceed *in forma pauperis* (**ECF No. 3**) is **GRANTED**, and Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

I. **Motion to Proceed Without Payment of Fees (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's affidavit of financial resources (ECF No. 3-1, *sealed*), and the comparison of her monthly income to her monthly expenses, the Court finds she is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED.** Although service of process would normally be undertaken by the clerk of court under 28 U.S.C. 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending the District Court's review of the Report and Recommendation filed simultaneously herein (ECF No. 6).[5]

## II. Motion for Appointment of Counsel (ECF No. 4)

Parties who are permitted to proceed *in forma pauperis* are subject to 28 U.S.C. § 1915(e)(1), which provides discretionary authority for the court to "request an attorney to represent any person unable to afford counsel."[6] But there is no constitutional right to

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).
[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).
[6] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

counsel in a civil action.[7] In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[8] In *Castner v. Colorado Springs Cablevision*,[9] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Additionally, as in all federal cases, the law requires the plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.

Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[10] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[11]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff. Plaintiff has satisfied the first prong of the *Castner* analysis—her inability to afford counsel—through the financial affidavits provided with her motions to proceed *in forma pauperis* (ECF No. 3-1, *sealed*). Additionally, she fulfilled the second prong of the analysis—diligence in searching for counsel—by producing the names of more than five

---

[7] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[8] *Jackson*, 2014 WL 494789, at *1.
[9] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992).
[10] *Castner,* 979 F.2d at 1421.
[11] *Jackson,* 2014 WL 494789, at *3.

attorneys whom she contacted about the case, along with a detailed description of her efforts to obtain representation. (ECF No. 4 at 2-3.) However, despite meeting these requirements, the Court finds she cannot meet the third prong of analysis, as the Court has serious concerns regarding its ability to adjudicate Plaintiff's claims. Simultaneously with this order, the Court recommends this case be dismissed due to a lack of federal subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and failure to state a plausible claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 6.) Under the circumstances, the request for appointment of counsel shall be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 4th day of February, 2019.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge