### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KENDRA TYREE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 18-1292-JWB-GEB |
| | ) |
| **JERRY W. WILLIAMS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### **REPORT AND RECOMMENDATION**

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 5.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[1]  After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

---

[1] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

### Background

Given the lack of factual description in Plaintiff's Complaint, upon review the Court believes Plaintiff filed this action in an attempt to avoid or remedy wrongful eviction from, or perhaps foreclosure of, her residence, although the exact nature of her allegations is unclear. In her "Statement of Claim" she notes defendant "Mr. [Jerry] Williams" changed the lock without notification, and tampered with her mail somehow, such that her mail was returned as "does not live here." (ECF No. 1, at 3.) In the "Relief" section of the Complaint, she seeks "payment of house that was sold," and requests "$50,000 [because the] house was not to be sold per judge" and asks for $4,000 for "property thrown outside." (*Id.* at 4.) In her Motion to Proceed without Prepayment of Fees, Plaintiff repeats her claim regarding the changing of the lock and claims a "violation of homestead rights." (ECF No. 3 at 1, *sealed.*)

### Analysis

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines the action fails to state a claim on which relief may be granted. The sufficiency of the complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2] Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[3] Because Plaintiff proceeds pro se, her pleadings must be liberally

---

[2] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[3] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).

construed.[4] However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[5] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[6] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[7]

As an initial consideration, it appears this Court lacks jurisdiction over Plaintiff's claims. Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[8] Plaintiff did not complete the Jurisdiction section of the Complaint form, aside from noting she is a citizen of the state of Kansas, and therefore provides no basis for federal question jurisdiction. Based on the addresses provided in the Complaint, it appears all parties are Kansas citizens, making diversity jurisdiction unavailable. Plaintiff provides no other basis for the exercise of jurisdiction over what appears to be a state law wrongful eviction and/or housing contract dispute. The federal court is not the proper forum for this state court claim. Therefore, it is recommended that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

---

[4] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[5] *Id*.
[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[7] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction: federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

Even if the issue of subject matter jurisdiction were not dispositive, Plaintiff offers no plausible claim for relief.  Aside from her short statements regarding the changed lock and return of mail, Plaintiff failed to provide any coherent facts which would support a claim for relief.  And, although the Court guesses from the totality of her comments that this is an eviction or other housing dispute, the Court cannot be responsible for constructing Plaintiff's claims.[9]  A review of the Complaint confirms Plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[10] nor presents a rational argument on the facts or law in support of her claim.[11]  It is therefore recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being

---

[9] *See Mays*, 419 F. App'x at 796 (citing *Garrett,* 425 F.3d at 840).
[10] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[11] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[12]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 4th day of February, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[12] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).